

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-4-2009

# John Horton v. Maria Cosme

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"John Horton v. Maria Cosme" (2009). *2009 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3260
_____

JOHN D. HORTON,
                                    Appellant
                    vs.

MARIA COSME; CITY OF TRENTON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 06-cv-06114)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges
Opinion filed: September 4, 2009

_____

OPINION
_____

PER CURIAM.

        John Horton, proceeding pro se, appeals the order of the District Court

granting Appellees' motion for summary judgment and denying his cross motion for

summary judgment.  For the reasons that follow, we will affirm.

1

I.

In October 2005, a member of the New Jersey State Police charged Horton with failing to observe a traffic signal. Two months later, Horton was found guilty of this offense in the Trenton Municipal Court. The court sentenced him to community service, which Horton claims to have completed. Despite the apparent resolution of the case, the Municipal Court later sent Horton a notice stating that a warrant had been issued for his arrest based on his failure to answer the summons relating to the October 2005 traffic violation. There is no indication, however, that Horton was ever arrested pursuant to this warrant.[1]

In December 2006, Horton initiated the instant action by filing a complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 in the District Court. He alleged that Appellees – the City of Trenton and Trenton Municipal Court Administrator Maria Cosme – violated his Fifth Amendment right against double jeopardy by attempting to prosecute and punish him twice for the same offense. He also raised several additional claims, which he appeared to base on state law.

Appellees ultimately moved for summary judgment, and Horton countered by filing a cross motion for summary judgment. The District Court granted Appellees' motion and denied Horton's cross motion, concluding that his double jeopardy claim

---

[1] In their motion for summary judgment, Appellees averred that Horton was never arrested pursuant to this warrant, an assertion that Horton does not contest.

2

lacked merit and declining to exercise supplemental jurisdiction over his state law claims.

Horton now appeals the District Court's judgment to this Court.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant or deny summary judgment. James v. Richman, 547 F.3d 214, 217 (3d Cir. 2008).

The Double Jeopardy Clause "prohibits successive prosecution or multiple punishment for the same offence." Witte v. United States, 515 U.S. 389, 391 (1995) (internal quotations omitted). The Clause is not implicated, however, until a defendant is actually placed in jeopardy. United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977). Jeopardy does not attach in a jury trial until the jury is empaneled and sworn, and jeopardy does not attach in a bench trial until the court begins to hear evidence. Id.

The Double Jeopardy Clause is inapplicable in this case because Horton was not placed in jeopardy a second time. After being convicted of the traffic violation, Horton was never arrested – let alone brought to trial again – for this offense. That a warrant may have been issued for his arrest was not enough to place him in jeopardy of a second prosecution or punishment. Accordingly, the District Court did not err in rejecting this claim.

The court also did not err in declining to exercising supplemental jurisdiction over Horton's state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a district

3

court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." Because the District Court had rejected Horton's federal claim,[2] the court did not abuse its discretion when it declined to exercise supplemental jurisdiction over his state law claims.

In light of the above, we will affirm the District Court's order granting Appellees' motion for summary judgment and denying Horton's cross motion for summary judgment.

---

[2] In addition to presenting his double jeopardy claim, Horton's complaint alluded to the Fourth Amendment and his due process rights under the Fifth and Fourteenth Amendments. Although the District Court did not address these references, it is not entirely clear whether Horton actually intended to allege Fourth Amendment and due process claims. Indeed, Horton does not mention any such claims in his brief. Even if he did intend to pursue these claims, they are without merit.